**In the Matter of Thomas Allen KAR-STEN, Sharon Jane Karsten, Debtor.**

**C. BUNDY, JR., INC., Plaintiff,**

**v.**

**Thomas Allen KARSTEN, Sharon Jane Karsten, Defendants.**

Bankruptcy No. 80–00698.
Adv. No. 80–0204.

United States Bankruptcy Court,
E. D. Wisconsin.

Jan. 14, 1982.

---

George W. Love, Love & Love, Waukesha, Wis., for plaintiff.

William J. Campbell, Menomonee Falls, Wis., for defendants.

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

This is a dischargeability case based upon the defendant/debtor's alleged failure to pay their company's subcontractor in accordance with Wisconsin's Theft by Contractor Statute, § 779 Wis.Stat. The parties presented the case to the court for its decision upon stipulated facts which were supplemented with testimony and exhibits at a hearing on November 9, 1981.

Now after considering the stipulation of the parties, the testimony of witnesses, the exhibits, the briefs and arguments of coun-

sel, and being fully advised in the premises, the court finds:

1) The debtors filed their petition under Chapter 7 of the Bankruptcy Code on March 31, 1980.

2) On June 17, 1980, C. Bundy, Jr., Inc. (Bundy), filed a complaint against the debtors to determine the dischargeability of a debt in the amount of $10,371.81, pursuant to § 523(a)(4) of the Bankruptcy Code, on the ground that the debtors engaged in fraud or defalcation while acting in a fiduciary capacity.

3) Prior to bankruptcy, the debtors were the officers of T. A. K. Construction, Inc. (T. A. K.), which subcontracted masonry work to Bundy, on February 21, 1978, for real estate improvement projects known as the National Car Rental and Moore Oil Company jobs, for time and materials plus fifteen percent profit and overhead. Later, Bundy was retained to do light masonry work on projects known as the Voell Machinery and North Prairie jobs.

4) Bundy completed the four jobs and billed T. A. K. as follows:

|  | Invoice No. | Job Description | Amount |
|---|---|---|---|
| 3/1/78 | 1904 | National Car Rental | $9,334.87 |
| 4/10/78 | 1922 | Moore Oil Company | $9,292.00 |
| 3/18/78 | 1923 | North Prairie | $ 177.00 |
| 4/10/'78 | 1924 | Voell Machinery | $5,568.00. |

5) T. A. K. was paid $11,700.00 on the Moore Oil job and was billed $20,777.30 for labor and materials, including $9,292.00 billed by Bundy.

6) T. A. K. was paid $6,480.00 for the Voell Machinery job and was billed $9,526.13, including $5,568.00 billed by Bundy.

7) T. A. K. made two payments to Bundy as follows:

| 3/16/78 | $4,000.00 |
| 5/4/78 | $10,000.00 |

8) On March 16, 1978, T. A. K. sought and received Bundy's $4,000.00 lien waiver on the National Car Rental job.

9) On May 4, 1978, T. A. K. did not give any instructions on how payment was to be credited so Bundy applied it as follows:

| | |
|---|---|
| National Car Rental | $5,334.87 |
| Moore Oil Company | $4,488.13 |
| North Prairie | $ 177.00 |
| Voell Machinery | $ –0– |

10) The resulting balance due Bundy on the contracts was:

| | |
|---|---|
| Moore Oil Company | $4,803.87 |
| Voell Machinery | $5,568.00 |

11) If Bundy had been paid a pro rata share of the funds received by T. A. K. it would have been paid as follows with balances as shown:

| | Full Pro Rata Share | Minus Payment | Pro Rata Balance |
|---|---|---|---|
| Moore Oil | $5,232.53 | $4,489.13 | $ 744.40 |
| Voell Machinery | 3,787.54 | –0– | 3,787.54 |
| | | | $4,531.94 |

## CONCLUSIONS OF LAW

1. T. A. K. was a subcontractor for real estate improvement projects known as the National Car Rental, Moore Oil Company, North Prairie and Voell Machinery jobs.

2. Bundy was T. A. K.'s masonry subcontractor for the aforementioned projects.

3. T. A. K. was a fiduciary for the benefit of its subcontractors, employees, and materialmen, including Bundy, upon its receipt of payments on the Moore Oil and the Voell Machinery jobs.

4. Bundy, properly applied the $4,000.00 paid to it by T. A. K. on March 16, 1978, in accordance with its lien waiver on the National Car Rental job.

5. Bundy, properly applied the $10,000.00 paid to it by T. A. K. on May 4, 1978, in accordance with the application of payments doctrine. *Moser Paper Company v. North Shore Publishing Company*, 83 Wis.2d 852, 266 N.W.2d 411 (1977). Therefore, T. A. K. owed Bundy, $4,803.87 for the Moore Oil job and $5,568.00 for the Voell Machinery job.

6. T. A. K. breached its fiduciary obligation to C. Bundy, Jr., Inc. by failing to pay it a pro rata share of the funds it received for the Moore Oil and Voell Machinery jobs.

7. The debtors, Thomas and Sharon Karsten, as officers of T. A. K., are personally liable for the pro rata balances the corporation failed to pay to Bundy, as follows:

$744.40 for the Moore Oil job, and

$3,782.54 for the Voell Machinery job.

8. Therefore, the sum of $4,531.94 is a nondischargeable debt as provided by 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.